DECISION
The plaintiffs, Susan R. and James D. Bouthillier have requested that this court preliminary enjoin defendant; Thomas Stolarz from entering upon their property. The intrusion includes the placement of concrete blocks and fences as well as the installation of security cameras and lights upon property the plaintiffs contend is owned by than.
The Bouthilliers purchased their land, which sits upon a very private and rural two acre lot, in August of 1991. After moving in, Mr. Bouthillier went to introduce himself to his neighbor, defendant Stolarz. His neighbor, Mr. Bouthillier testified, resided in a very attractive gambrel amid well-maintained park-like grounds.
The plaintiffs contend that they, as well as their predecessors in title have observed a boundary line established by the defendant in 1980. In May of that year, the defendant placed huge boulders, as well as a row of ornamental arbor vitae along this line. Ever since the plaintiffs moved to the area in 1991, their conduct has been consistent with an understanding that the boulders and trees in a straight line mark the boundary. The plaintiffs cleared, mowed, mulched and stored firewood in a manner which reveals their recognition of the line in question as the true boundary.
All was well until 1997 when this controversy began to erupt. The result is the present state of the area with fences, concrete blocks, cameras and lights installed by the defendant on the plaintiffs' side of the arbor vitae/boulder boundary.
Plaintiff, James Bouthillier, has testified that the installation of these unsightly and invasive items has "wrecked his life." He and Mrs. Bouthillier are anxious and uncomfortable going to their own home at night, never knowing what to expect. The couple's residence has gone from living in "an oasis to hell." It must be noted that the 500 pound concrete blocks were not poured by the defendant until after this lawsuit was filed.
Plaintiff asserts that in 1976 a mistake occurred when a surveyor reversed the adjoining lots and placed a pipe at a width of 217 feet instead of 200 feet. Defendant testified that he placed the boulders 17 feet north of the boundary line because he was "trying to balance [his] lot." The evidence of what exists on defendant's property is as compelling as the evidence of what exists on the plaintiffs' property. Mr. Stolarz has done beautiful things with his property. He has designed and constructed a lovely home, thoughtfully placed in the center of his lot. He has created and maintained park-like surroundings with great care. He appears to be a meticulous man with a high appreciation for aesthetics and respect for his own property.
It is thus inconceivable to the Court that Mr. Stolarz would partake in the construction of this truly hideous concrete barrier and fence other than for sheer spite. The Court is certain that a man of his taste would be as repulsed as the plaintiffs are if he had to view this invasive eyesore in his comings and goings and while at his residence.
Every property owner has the fundamental right to the fair use and enjoyment of his or her property. The defendant has interfered with the plaintiffs' property rights in a most vulgar and pernicious fashion.
The Court is satisfied by credible evidence that the plaintiffs have demonstrated a likelihood of success on the merits and that the presence of this egregious "spite fence" is causing them irreparable harm. Therefore, the Court orders that the wire fence, concrete barriers, lights and "security" cameras be removed forthwith. The boulders and arbor vitae are not to be disturbed. The Court does not deem it necessary to require the plaintiffs to post a bond and thus declines to do so.